1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                       EASTERN DISTRICT OF CALIFORNIA

10

11   VICTOR MANUEL CASTANEDA,          )     1:10-cv-01927-JLT HC
                                       )
12                  Petitioner,        )     ORDER TO SHOW CAUSE WHY THE
                                       )     PETITION FOR WRIT OF HABEAS
13                                     )     CORPUS SHOULD NOT BE DISMISSED AS
         v.                            )     UNEXHAUSTED
14                                     )
                                       )     ORDER DIRECTING THAT PETITIONER
15   RAUL LOPEZ,                       )     FILE A RESPONSE WITHIN THIRTY DAYS
                                       )
16                  Respondent.        )
                                       )
17   _____)

18       Petitioner is a state prisoner proceeding through retained counsel with a petition for writ of

19   habeas corpus pursuant to 28 U.S.C. § 2254.  On December 1, 2010, Petitioner filed his written

20   consent to the jurisdiction of the United States Magistrate Judge for all purposes.  (Doc. 7).

21       Petitioner filed his federal petition on October 14, 2010.  (Doc. 1).  In the instant petition,

22   Petitioner, challenges his 2006 conviction for second degree murder and the various sentence

23   enhancements imposed by the Kings County Superior Court and the resulting sentence of life

24   without the possibility of parole.  Petitioner raises four grounds for relief: (1) ineffective assistance

25   of trial counsel because counsel was not licensed to practice law in California during post-trial

26   motions and sentencing; (2) ineffective assistance of trial counsel and denial of a fair trial because

27   trial counsel was not licensed to practice law in California during post-trial motions and sentencing;

28   (3) ineffective assistance of appellate counsel because the attorney representing Petitioner on appeal

1    was not licensed to practice law in California; and (4) ineffective assistance of counsel during trial

2    because trial counsel failed to conduct an adequate investigation or request the proper jury

3    instructions.  (Doc. 1, p. 12).

4          In the introductory paragraph to the petition, Petitioner indicates that the "petition contains

5    some claims that have been exhausted in the California state courts and some that have not."  (Doc.

6    1, p. 1).  However, in Paragraph VI, entitled "Exhaustion," Petitioner unequivocally states that

7    "[n]one of Petitioner's claims stated herein have previously been presented to the California

8    Supreme Court.  Petitioner is currently pursuing these claims in the California Supreme Court."

9    (Doc. 1, p. 13).  Petitioner requests that the Court hold the petition in abeyance pending exhaustion

10   of his four claims in state court.  (Id.).

11                                        **DISCUSSION**

12         Traditionally, a district court has had the discretion to stay a petition which it may validly

13   consider on the merits.  Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 987-988 (9th

14   Cir. 1998); Greenawalt v. Stewar7, 105 F.3d 1268, 1274 (9th Cir.), cert. denied, 519 U.S. 1002

15   (1997).  However, the Ninth Circuit has held that Taylor in no way granted "district courts carte

16   blanche to stay even fully exhausted habeas petitions."  Taylor, 134 F.3d at 988 n. 11.  Granting a

17   stay is appropriate where there is no intention on the part of the Petitioner to delay or harass and in

18   order to avoid piecemeal litigation.  Id.  In addition, the Ninth Circuit has indicated that it is proper

19   for a district court, in its discretion, to hold a petition containing only exhausted claims in abeyance

20   in order to permit the petitioner to return to state court to exhaust his state remedies.  Kelly v. Small,

21   315 F.3d 1063, 1070 (9th Cir. 2004); Ford v. Hubbard, 305 F.3d 875, 882-883 (9th Cir. 2002); James

22   v. Pliler, 269 F.3d 1124, 1126-1127 (9th Cir. 2002); Taylor, 134 F.3d 981.

23         Notwithstanding the foregoing, until recently, federal case law continued to require that the

24   Court dismiss "mixed" petitions containing both exhausted and unexhausted claims.  Rose v. Lundy,

25   455 U.S. 509 (1982).  That changed with the United States Supreme Court's decision in Rhines v.

26   Weber, 544 U.S. 269 (2005).  Recognizing that "[a]s a result of the interplay between AEDPA's 1-

27

28

year statute of limitations[1] and <u>Lundy</u>'s dismissal requirement, petitioners who come to federal court with 'mixed' petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims," the Supreme Court held that federal courts may now issue "stay and abey" orders under appropriate circumstances to permit petitioners to exhaust unexhausted claims before proceeding with their federal petitions.  <u>Rhines</u>, 544 U.S. at 276-277.  In so holding, the Supreme Court noted that the procedure should be "available only in limited circumstances."  544 U.S. at 277.  Specifically, the Court said it was appropriate only when (1) good cause exists for petitioner's failure to exhaust; (2) petitioner's unexhausted claims are not "plainly meritless" and (3) there is no indication that petitioner engaged in "abusive litigation tactics or intentional delay."  <u>Id</u>. at 277-278; <u>Robbins v. Carey</u>, 481 F.3d 1143, 1149 (9th Cir. 2005).  When a petitioner has met these requirements, his interest in obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of federal petitions.  <u>Rhines</u>, 544 U.S. at 278.

In a ruling subsequent to <u>Rhines</u>, the Ninth Circuit re-affirmed the vitality of *both* the <u>Rhines</u> two-step stay procedure as well as the <u>Kelly</u> three-step stay procedure:

> <u>Rhines</u> allows a district court to stay a mixed petition, and does not require that unexhausted claims be dismissed while the petitioner attempts to exhaust them in state court.  In contrast, the three-step procedure outlined in <u>Kelly</u> allows the stay of fully exhausted petitions, requiring that the unexhausted claims be dismissed.

<u>King v. Ryan</u>, 564 F.3d 1133, 1139-1140 (9th Cir. 2009).  There are, however, significant distinctions between the two procedures.  First, claims exhausted during a <u>Rhines</u> stay are not subject to timeliness challenges since the mixed petition remains pending throughout the stay procedure.  <u>Id</u>. at p. 1140.  In contrast, any claim exhausted during a <u>Kelly</u> stay must "relate back" to the claims in the original petition under the doctrine set forth in <u>Mayle v. Feliz</u>, 545 U.S. 644 (2005), or else be timely filed under the AEDPA's one-year statute of limitation.  <u>Id</u>.  Additionally, petitioners seeking to avail themselves of a <u>Rhines</u> stay must make the additional showing of good cause, something not required under <u>Kelly</u>.  <u>Id</u>. at 1143.

Here, Petitioner has expressly requested a <u>Rhines</u> stay.  (Doc. 1, p. 33).  However, in a decision subsequent to <u>Rhines</u>, the Ninth Circuit expressly declined to extend the <u>Rhines</u> rule to

---

[1]The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA), 28 U.S.C. § 1244(d).

1  petitions containing <u>only</u> unexhausted claims.  <u>Raspberry v. Garcia</u>, 448 F.3d 1150 (9th Cir. 2006).

2  As the Ninth Circuit explained, "Once a district court determines that a habeas petition contains only

3  unexhausted claims, it need not inquire further as to the petitioner's intentions.  Instead, it may

4  simply dismiss the habeas petition for failure to exhaust.  <u>Id</u>. at 1154; see, e.g., <u>Rojero v. Noll</u>, 2010

5  WL 3199877 at *1 (S.D. Cal. Aug. 12, 2010); <u>Puckett v. Adams</u>, 2010 WL 3448575 at *2 (C.D. Cal.

6  July 16, 2010); <u>Acevedo v. Adams</u>, 2009 WL 1158961 at *2 (C.D. Cal. March 30, 2009).  To require

7  otherwise would violate the Supreme Court's holding that "[d]istrict judges have no obligation to act

8  as counsel or paralegal to pro se litigants."  <u>Id</u>. (<i>citing</i> <u>Pliler v. Ford</u>, 542 U.S. 225, 231, 124 S.Ct.

9  2441 (2004). Indeed, the Ninth Circuit has held that not only <i>may</i> the district court dismiss an

10 entirely unexhausted petition, but "habeas relief <i>must</i> be denied if the petitioner has not 'exhausted

11 the remedies available in the courts of the State.'"  <u>Davis v. Silva</u>, 511 F.3d 1005, 1008 (9th Cir.

12 2008)(emphasis supplied).

13      The rationale for dismissal under such circumstances is clear: <u>Rhines</u> represents a limited

14 exception to <u>Rose v. Lundy's</u> rule, i.e.,  that district courts may not entertain mixed petitions, in

15 order to expedite full exhaustion by permitting the district courts to retain jurisdiction over the mixed

16 petition while the petitioner exhausts the unexhausted claims.  Such a procedure avoids a dismissal

17 that would, in light of the AEDPA's one-year statute of limitations, frequently preclude the petitioner

18 from re-filing his perfected petition at a later time.  However, nothing in <u>Rhines</u> suggests that the

19 Supreme Court was departing from the long-standing rule that district courts may not entertain a

20 <i>completely unexhausted petition</i>.  Similarly, the <u>Kelly/King</u> stay procedure is also unavailable here

21 because it requires the voluntary dismissal of all unexhausted claims, which, in this instance, would

22 leave no claims remaining in the petition.

23      However, before dismissing the petition as completely unexhausted, the Court will afford

24 Petitioner and his counsel the opportunity to respond to this Order to Show Cause by indicating

25 which, if any, of the claims in the instant petition are already fully exhausted.

26                              **ORDER TO SHOW CAUSE**

27      Accordingly, the Court HEREBY ORDERS:

28      1.      Petitioner is ORDERED TO SHOW CAUSE within thirty (30) days of the date of

1    service of this Order why the Petition should not be dismissed for failing to exhaust

2    state court remedies.

3   Petitioner is forewarned that his failure to comply with this order may result in a Recommendation

4   that the Petition be dismissed pursuant to Local Rule 110.

5   IT IS SO ORDERED.

6   Dated:   **December 14, 2010**                                    **/s/ Jennifer L. Thurston**
                                                          UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28