UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| VICTOR MANUEL CASTANEDA, | ) | 1:10-cv-01927-JLT HC |
| | ) | |
| Petitioner, | ) | ORDER DISMISSING PETITION FOR WRIT |
| | ) | OF HABEAS CORPUS AS UNEXHAUSTED |
| | ) | (Doc. 1) |
| v. | ) | |
| | ) | ORDER DIRECTING THAT THE CLERK OF |
| | ) | THE COURT ENTER JUDGMENT AND |
| RAUL LOPEZ, | ) | CLOSE THE CASE |
| | ) | |
| Respondent. | ) | ORDER DECLINING TO ISSUE A |
| | ) | CERTIFICATE OF APPEALABILITY |

Petitioner is a state prisoner proceeding through retained counsel with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On December 1, 2010, Petitioner filed his written consent to the jurisdiction of the United States Magistrate Judge for all purposes.  (Doc. 7).

Petitioner filed his federal petition on October 14, 2010, challenging his 2006 conviction for second degree murder and various sentence enhancements in the Kings County Superior Court and the resulting sentence of life without the possibility of parole.  (Doc. 1).  Petitioner raises four grounds for relief: (1) ineffective assistance of trial counsel because counsel was not licensed to practice law in California during post-trial motions and sentencing;  (2) ineffective assistance of trial counsel and denial of a fair trial because trial counsel was not licensed to practice law in California during post-trial motions and sentencing; (3) ineffective assistance of appellate counsel because the attorney representing Petitioner on appeal was not licensed to practice law in California; and (4)

ineffective assistance of counsel during trial because trial counsel failed to conduct an adequate investigation or request the proper jury instructions. (Doc. 1, p. 12).

In the introductory paragraph to the petition, Petitioner indicates that the "petition contains some claims that have been exhausted in the California state courts and some that have not." (Doc. 1, p. 1). However, in Paragraph VI, entitled "Exhaustion," Petitioner unequivocally states that "[n]one of Petitioner's claims stated herein have previously been presented to the California Supreme Court. Petitioner is currently pursuing these claims in the California Supreme Court." (Doc. 1, p. 13). Petitioner requests that the Court hold the petition in abeyance pending exhaustion of his four claims in state court. (Id.).

Because the Court's preliminary screening of the petition indicated that none of the claims in the petition had been exhausted in state court, the Court, on December 15, 2010, issued an Order to Show Cause why the petition should not be dismissed as entirely unexhausted. (Doc. 8). That Order to Show Cause gave Petitioner thirty days within which to respond. On January 12, 2011, Petitioner requested an extension of time (Doc. 9), and on February 20, 2011, the Court granted the extension of time for thirty days, or until March 13, 2011. (Doc. 10). To date, Petitioner has not filed a response to the Order to Show Cause.

**DISCUSSION**

Traditionally, a district court has had the discretion to stay a petition which it may validly consider on the merits. Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 987-988 (9th Cir. 1998); Greenawalt v. Stewart, 105 F.3d 1268, 1274 (9th Cir.), *cert. denied*, 519 U.S. 1002 (1997). However, the Ninth Circuit has held that Taylor in no way granted "district courts carte blanche to stay even fully exhausted habeas petitions." Taylor, 134 F.3d at 988 n. 11. Granting a stay is appropriate where there is no intention on the part of the Petitioner to delay or harass and in order to avoid piecemeal litigation. Id. In addition, the Ninth Circuit has indicated that it is proper for a district court, in its discretion, to hold a petition containing only exhausted claims in abeyance in order to permit the petitioner to return to state court to exhaust his state remedies. Kelly v. Small, 315 F.3d 1063, 1070 (9th Cir. 2004); Ford v. Hubbard, 305 F.3d 875, 882-883 (9th Cir. 2002); James v. Pliler, 269 F.3d 1124, 1126-1127 (9th Cir. 2002); Taylor, 134 F.3d 981.

Notwithstanding the foregoing, until recently, federal case law continued to require that the Court dismiss "mixed" petitions containing both exhausted and unexhausted claims, such as the instant petition. Rose v. Lundy, 455 U.S. 509 (1982). That changed with the United States Supreme Court's decision in Rhines v. Weber, 544 U.S. 269 (2005). Recognizing that "[a]s a result of the interplay between AEDPA's 1-year statute of limitations[1] and Lundy's dismissal requirement, petitioners who come to federal court with 'mixed' petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims," the Supreme Court held that federal courts may now issue "stay and abey" orders under appropriate circumstances to permit petitioners to exhaust unexhausted claims before proceeding with their federal petitions. Rhines, 544 U.S. at 276-277. In so holding, the Supreme Court noted that the procedure should be "available only in limited circumstances." 544 U.S. at 277. Specifically, the Court said it was appropriate only when (1) good cause exists for petitioner's failure to exhaust; (2) petitioner's unexhausted claims are not "plainly meritless" and (3) there is no indication that petitioner engaged in "abusive litigation tactics or intentional delay." Id. at 277-278; Robbins v. Carey, 481 F.3d 1143, 1149 (9th Cir. 2005). When a petitioner has met these requirements, his interest in obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of federal petitions. Rhines, 544 U.S. at 278.

In a ruling subsequent to Rhines, the Ninth Circuit re-affirmed the vitality of *both* the Rhines two-step stay procedure as well as the Kelly three-step stay procedure:

> Rhines allows a district court to stay a mixed petition, and does not require that unexhausted claims be dismissed while the petitioner attempts to exhaust them in state court. In contrast, the three-step procedure outlined in Kelly allows the stay of fully exhausted petitions, requiring that the unexhausted claims be dismissed.

King v. Ryan, 564 F.3d 1133, 1139-1140 (9th Cir. 2009). There are, however, significant distinctions between the two procedures. First, claims exhausted during a Rhines stay are not subject to timeliness challenges since the mixed petition remains pending throughout the stay procedure. Id. at p. 1140. In contrast, any claim exhausted during a Kelly stay must "relate back" to the claims in the original petition under the doctrine set forth in Mayle v. Feliz, 545 U.S. 644 (2005), or else be timely

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA), 28 U.S.C. § 1244(d).

filed under the AEDPA's one-year statute of limitation.  Id.   Additionally, petitioners seeking to avail themselves of a Rhines stay must make the additional showing of good cause, something not required under Kelly.  Id. at 1143.

Here, Petitioner has expressly requested a Rhines stay.  (Doc. 1, p. 33).  However, in a decision subsequent to Rhines, the Ninth Circuit expressly declined to extend the Rhines rule to petitions containing only unexhausted claims.  Raspberry v. Garcia, 448 F.3d 1150 (9th Cir. 2006).  As the Ninth Circuit explained, "Once a district court determines that a habeas petition contains only unexhausted claims, it need not inquire further as to the petitioner's intentions.  Instead, it may simply dismiss the habeas petition for failure to exhaust."  Id. at 1154; see, e.g., Rojero v. Noll, 2010 WL 3199877 at *1 (S.D. Cal. Aug. 12, 2010); Puckett v. Adams, 2010 WL 3448575 at *2 (C.D. Cal. July 16, 2010); Acevedo v. Adams, 2009 WL 1158961 at *2 (C.D. Cal. March 30, 2009).  To require otherwise would violate the Supreme Court's holding that "[d]istrict judges have no obligation to act as counsel or paralegal to pro se litigants."  Id. (*citing* Pliler v. Ford, 542 U.S. 225, 231, 124 S.Ct. 2441 (2004).  Indeed, the Ninth Circuit has held that not only *may* the district court dismiss an entirely unexhausted petition, but "habeas relief *must* be denied if the petitioner has not 'exhausted the remedies available in the courts of the State.'"  Davis v. Silva, 511 F.3d 1005, 1008 (9th Cir. 2008)(emphasis supplied).

The rationale for dismissal under such circumstances is clear: Rhines represents a limited exception to Rose v. Lundy's rule, i.e.,  that district courts may not entertain mixed petitions, in order to expedite full exhaustion by permitting the district courts to retain jurisdiction over the mixed petition while the petitioner exhausts the unexhausted claims.  Such a procedure avoids a dismissal that would, in light of the AEDPA's one-year statute of limitations, frequently preclude the petitioner from re-filing his perfected petition at a later time.  However, nothing in Rhines suggests that the Supreme Court was departing from the long-standing rule that district courts may not entertain a *completely unexhausted petition*.  Similarly, the Kelly/King stay procedure is also unavailable here because it requires the voluntary dismissal of all unexhausted claims, which, in this instance, would leave no claims remaining in the petition.

The Court expressed all of these concerns in its December 15, 2010 Order to Show Cause.

1  Petitioner was afforded an opportunity to response to the Order to Show Cause, but now, over three
2  months later, Petitioner still has not filed any response.  Petitioner was forewarned that failure to
3  comply with the Court's order to file a response to the Order to Show Cause may result in an order
4  of dismissal.  Accordingly, is appearing to the Court that none of the claims in the instant petition
5  have been exhausted, the Court has no alternative but to dismiss the petition.   Moreover, the Court
6  declines to issue a certificate of appealability.

7  A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a
8  district court's denial of his petition, and an appeal is only allowed in certain circumstances.  Miller-
9  El v. Cockrell, 537 U.S. 322, 335-336 (2003).   The controlling statute in determining whether to
10 issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or
> (B) the final order in a proceeding under section 2255.
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

20 If a court denied a petitioner's petition, the court may only issue a certificate of appealability
21 when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. §
22 2253(c)(2).  To make a substantial showing, the petitioner must establish that "reasonable jurists
23 could debate whether (or, for that matter, agree that) the petition should have been resolved in a
24 different manner or that the issues presented were 'adequate to deserve encouragement to proceed
25 further'."  Slack v. McDaniel, 529 U.S. 473, 484 (2000) (*quoting* Barefoot v. Estelle, 463 U.S. 880,
26 893 (1983)).

27 In the present case, the Court finds that Petitioner has not made the required substantial
28 showing of the denial of a constitutional right to justify the issuance of a certificate of appealability.

1 Reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal
2 habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further.
3 Accordingly, the Court DECLINES to issue a certificate of appealability.

### **ORDER**

Accordingly, the Court HEREBY ORDERS:

1. The petition for writ of habeas corpus (Doc. 1), is DISMISSED as entirely unexhausted;
2. The Clerk of the Court is DIRECTED to enter judgment and close the case; and,
3. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **March 30, 2011**                              /s/ Jennifer L. Thurston
                                                                                  UNITED STATES MAGISTRATE JUDGE